OPINION OF THE COURT
Thomas J. Murphy, J.
By notice of motion dated November 18, 1983, petitioners above named move for a judgment directing respondents to rescind the zoning variance granted to Robert R. Murray and Mildred Murray on October 3, 1983, and reversing and annulling any alleged determination, and determining that no valid action was taken by a properly constituted Board of Trustees of the Village of Mexico.
For the following reasons set forth in this decision, the court grants petitioners’ motion.
The petitioners are owners of land and buildings in the Village of Mexico, State of New York, which properties are iii close proximity to or said properties abut, adjoin, or are adjacent to land located at an address commonly known as the corner of Church Street and Munger Hill Road in the Village of Mexico, State of New York, and have standing to bring the instant proceeding.
It appears that prior to October 3, 1983, subject properties in the Village of Mexico were zoned for residential use only. This restriction on use was imposed by resolution of the Board of Trustees of the Village of Mexico on the 17th *532 day of May, 1957, which stated, in part: “Other customary accessory uses and buildings provided that such uses are incidental to the principal use and do not include any activity commonly conducted as a business.” (Art IV, § 2, par 9.)
The petitioners allege that prior to July 28,1983, Robert R. Murray and Mildred Murray requested a variance of the above zoning ordinance for their property described in article IV above for the purpose of erecting a structure to be used solely for the conduct of business. On or about July 28, 1983, the Zoning Board of Appeals for the Village of Mexico denied said variance. At a public meeting of the Village of Mexico Zoning Board of Appeals on August 24, 1983, the afore-mentioned request for a zoning ordinance was presented to the board with the result that the board declined to reverse its prior position to deny the variance.
Petitioners further allege that on August 31, 1983, Robert R. Murray, individually and through his attorney, notified the Mayor of the Village of Mexico that he intended to petition the village board of trustees for a special permit for business use of the property owned by himself and Mildred Murray. The Mayor of the Village of Mexico, Hadwen P. Hinman, afforded Robert R. Murray time to present the petition at the next meeting of the village board of trustees.
Mildred Murray, co-owner of the subject property, was at that time and still is a member of the Board of Trustees of the Village of Mexico.
At a regular meeting of the Board of Trustees of the Village of Mexico conducted on September 21, 1983, a request for a variance made by Robert R. Murray and Mildred Murray was heard and a public hearing was set for October 3, 1983, at 7:00 p.m.
The public hearing on the requested zoning hearing was held on October 3, 1983 at 7:00 p.m., at which time the petitioners presented a petition signed by 44 residents of the Village of Mexico who desire to keep the subject property zoned residential. Apparently, following the above-mentioned public hearing, the Board of Trustees for the Village of Mexico conducted a regular meeting to conduct a vote on the requested zoning variance.
*533 At the regular meeting the Mayor of the Village of Mexico announced that Mildred Murray, as co-owner of the property to be rezoned, could not vote on the matter due to her clear “conflict of interest” and the prohibition against such a conflict set forth in subdivision 1 of section 809 of the New York General Municipal Law. At the regular meeting, the board of trustees received an opinion letter from the Village Attorney describing how the General Municipal Law could be violated by permitting a board member to cast a vote granting a zoning variance for property in which the member has an ownership or financial interest. The moving affidavit states that upon receiving the above-mentioned opinion letter, Mildred Murray stated “that she would prefer not to vote, but she felt that she must in the best interest of the Village”.
It is alleged that Mildred Murray was, on October 3, 1983, and still is, employed as a secretary for Farm Credit Service in Mexico, New York, and that Mildred Murray had previously agreed to erect a commercial building on her property and located at the corner of Church Street and Munger Hill Road to be sold or leased to her said employer, Farm Credit Service, for use as a commercial business in a residential neighborhood.
The Board of Trustees of the Village of Mexico was in full session on October 3, 1983 and was composed of five members. At the regular meeting of the board of trustees to hear the petition for zoning variance by Robert R. Murray and Mildred Murray, the vote granting such variance was split 3 to 2 in favor of granting the variance. Mildred Murray placed her vote at the regular meeting in favor of granting the zoning variance for property co-owned by her. The vote placed by Mildred Murray was the tie-breaking and decisive vote in granting the zoning variance to Robert R. Murray and Mildred Murray for a change in the use for the property from residential to commercial.
The General Municipal Law makes an inquiry into a conflict of interest appropriate in the proper case by requiring that “[e]very application * * * for a * * * change of zoning * * * shall state the name, residence and the nature and extent of the interest of any * * * officer * * * of such municipality * * * in the person, partnership or association *534 making such application * * * to the extent known to such applicant.” (General Municipal Law, § 809, subd 1.)
The statute goes on to define four areas of specific “interest” to which this provision applies. Three involve ownership of or direct employment of the applicant, and the fourth involves contractual relationships with the applicant dependent or contingent upon the success of the application. (General Municipal Law, § 809, subd 2, pars [a]-[d].)
In Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. (96 Misc 2d 1, 9, afifd 69 AD2d 320), the court, finding that section 809 is not exclusive but speaks only to “those situations in which there is a conclusive presumption of a conflicting interest” held that a board member should have disqualified himself from voting to grant a construction permit to a client of his advertising agency. Similarly, there are numerous out-of-State opinions. (See, generally, Zoning — Disqualification of Officer, Ann., 10 ALR3d 694, where courts have set aside zoning decisions because of conflict of interest where economic ties of varying degrees were found.)
In this case, there are unrefuted allegations which would support an inference of actual or apparent economic impropriety. It is clear that Mildred Murray was co-owner of the property for which she was voting for a change in use. In addition, the intended purchaser of the property was a company by which she was employed.
“The conflicts encompassed by article 18 [of the General Municipal Law] * * * involve pecuniary and material interests”. (Webster Assoc. v Town of Webster, 59 NY2d 220, 227, citing Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd., supra; see, also, e.g., Matter of Concerned Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals, 91 AD2d 763.)
The Tuxedo case quotes from Chief Judge Cardozo in his opinion in Meinhard v Salmon (249 NY 458, 464): “A trustee is held to something stricter than the morals of the marketplace. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.”
It is this court’s opinion that Mildred Murray should have disqualified herself from voting at the October 3, *535 1983 meeting. “It is axiomatic that, whenever the law requires a hearing of any sort as a condition precedent to the power to proceed, it means a fair hearing, a hearing not only fair in substance, but fair in appearance”. (Smith v Skagit County, 75 Wn 2d 715, 739.)
For all the above reasons, the court grants the petitioners’ application and hereby annuls the October 3, 1983, action of the town board.