Herbert A. Kline, Esq. Town Attorney, Colesville
You have asked whether a chairman of a town planning board, in the review of a particular subdivision application, has a conflict of interest, and, if so, what implications flow from such a conflict.
You informed us that the town board has delegated to the planning board the responsibility for the approval of subdivisions. With respect to the subdivision application at hand, in addition to the authority to approve the proposed subdivision, the planning board also was designated as the lead agency for purposes of reviewing the environmental impact of the proposed project. Following a public hearing, the planning board, with the chairman presiding and taking part, approved the proposed subdivision. It has come to the attention of the town board that prior to the public hearing and approval by the planning board, the proposed subdivision lots were advertised by a named real estate agency as available for purchase. The signs advertising these lots for sale listed the telephone number of the chairman of the planning board. The town board believes that the chairman of the planning board does not actually own the named real estate agency but that he may be associated with the agency.
We note, at the outset, that every application for the approval of a subdivision plat must state the name, residence and the nature and extent of any interest of any officer or employee of the municipality in the person or entity making the application (General Municipal Law, §809[1]). An officer or employee is deemed to have an interest in the applicant when he is a party to an agreement with the applicant, whether express or implied, whereby the officer or employee may receive any payment or other benefit dependent or contingent upon the favorable approval of the application (id., § 809[2][d]). If the chairman is an owner of the real estate agency, it seems clear that the chairman would have an interest which must be disclosed under section 809(2)(d). In our view, if the chairman is an employee of the real estate agency which would list the property for sale if the subdivision is approved by the planning board, he has an interest which must be disclosed under section809 of the General Municipal Law.
The development of ethics standards to define when private employment is in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (id.,
§ 806[1]). Governing bodies of a county, city, town, village and school district are required to adopt a code of ethics, which must include these and other standards (ibid.). A code of ethics may provide for the prohibition of conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics (id., § 808). Thus, we suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand. This office does not review local enactments, because their construction is more appropriately left to local officials familiar with local conditions and legislative intent.
It is not necessary, however, that a specific provision of the General Municipal Law be violated to find an improper conflict of interest (Mtr.of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985]; Mtr. ofConrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interest of board members participating in the decisions (ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320 [2d Dept, 1979]). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
The courts have recognized a disqualifying conflict of interest resulting from a board member's employment with a firm likely to receive business if an application before the board by another firm is approved (Taxpayers' Association, supra). In Taxpayers' Association, a member of the town board voting in favor of an application to build residential units was an officer of an advertising agency which was a strong contender to obtain advertising contracts from the applicant with respect to the planned residential unit. You indicate in your letter that it is believed that the chairman of the planning board does not own the real estate agency but may be associated with the agency. Certainly, if the chairman is a broker or an agent for the agency and would list the houses in the subdivision for sale, he would have a direct financial interest in the application for subdivision approval. In our view, however, the fact of employment of the chairman by the real estate agency would be enough to establish a disqualifying conflict of interest. Certainly, it can be assumed that the real estate agency has a substantial interest in the approval of the subdivision by reason of the numerous listings it will provide. There are "subtle but powerful psychological pressures" that are placed on such an employee who inevitably recognizes the importance of the application to his employer (see Mtr. of Zagoreos v Conklin, supra, p 288). There is a possibility that his judgment, whether knowingly or subconsciously, may be affected by these pressures. At the least, these circumstances reasonably create an appearance of impropriety in the eyes of the public.
We conclude that a chairman of a town planning board, who is an employee of a real estate agency that would receive business if a subdivision application is approved, has a disqualifying conflict of interest prohibiting him from taking part in the consideration of the application.