Paul F. Brown, Esq. Town Attorney, Milton
You have asked whether conflicts of interest or violations of the General Municipal Law occur if a person serving as the town attorney and the attorney for the planning board:
(1) represents a client before the planning board; or
 (2) represents a client before the planning board in whose application he has a financial interest.
You have indicated that the attorney filed a letter of disclosure and that the planning board was represented by another attorney with regard to both of these matters.
Applications to a planning board must state the name, residence and the nature and extent of any interest in the application of any officer or employee of the municipality (General Municipal Law, § 809[1]). In our view, however, disclosure alone is not sufficient under the circumstances you have presented.
Section 805-a(1)(c) of the General Municipal Law provides that no municipal officer or employee shall:
 "receive, or enter into any agreement, express or implied, for compensation for services to be rendered in relation to any matter before any municipal agency of which he is an officer, member or employee or of any municipal agency over which he has jurisdiction or to which he has the power to appoint any member, officer or employee."
Thus, under this provision an officer, member or employee of a board may not receive compensation or enter into an agreement to receive compensation for services in relation to any matter before that board. Recusal from representing or serving on the public board is not an available remedy. It is the status of the individual as an officer, employee or member of the board that disqualifies him or her from representing a client before the board. In our view, the attorney for the planning board is an officer or employee of the planning board and is prohibited from representing a client before the planning board. A person who knowingly and intentionally violates the provisions of section805-a of the General Municipal Law may be fined, suspended or removed from office or employment in the manner provided by law (id.,
§ 805-a[2]).
Thus, paid representation by the planning board attorney of a client before the planning board is prohibited by section 805-a(1)(c) of the General Municipal Law.
We note that local governments are required to develop ethics standards to define when private interests or employment are in conflict with the official duties of a local government officer or employee (id., § 806[1]). Governing bodies of counties, cities, towns, villages and school districts are required to adopt codes of ethics, which must include these and other standards (ibid.). A code of ethics may provide for the prohibition of conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics (id., § 808).
Also, for your information, it is not necessary that a specific provision of the General Municipal Law be violated to find a conflict of interest (Mtr. of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985]; Mtr. ofConrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interest of board members participating in the decisions (ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320 [2d Dept. 1979]). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
We conclude that the attorney for a planning board may not represent a client before that board.