Verner M. Ingram, Jr., Esq. Village Attorney, Canton
You have informed us that a proposed building project in the village will come within the jurisdiction of the village's zoning board of appeals and planning board. You have asked, if a member of one of these boards appears as a citizen and neighbor before the other board in opposition to the project, he is disqualified from then considering the application before the board of which he is a member. Also, you ask whether this individual would be disqualified should he appear in opposition to an application with respect to the project before the county planning board.
The development of ethics standards to define when private employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806 [1]). Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards (ibid.). A code of ethics may provide for the prohibition of conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics (id., § 808). Thus, we suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand.
It is not necessary, however, that a specific provision of the General Municipal Law or local law be violated to find a conflict of interests (Mtr. of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985]; Mtr. ofConrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon judicial findings of conflicts of interests of board members participating in the decisions (ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320 [2d Dept, 1979]). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
Members of these local boards unavoidably approach their duties with general views and philosophies concerning land use planning. For example, they may have opinions concerning the need for park land or for affordable housing. These opinions are acquired through each individual's education and experience as a resident of the community. Entrusting of zoning decisions, affecting the lives and livelihoods of residents, to a board promotes decision making by a diverse group representing the overall public interest.
In our view, however, opposition to a proposed project by a neighbor should disqualify that individual from acting as a member of a zoning board of appeals or planning board with respect to the project (see Code of Judicial Conduct, Canon 3 [C] [1] [a] and [c], McKinney's Judiciary Law). A neighbor's opposition to, for example, a proposed rezoning or variance application is distinguishable from a board member's philosophical approach. Neighbors often act out of their own self-interests as influenced by concern about property values and the interests and concerns of their families. In our view, they may be incapable of measuring the merit of the application in light of the overall public interest or, stated differently, the overall needs of the municipality. They may be blinded in part by the overriding parochial concerns of neighbors. At least we believe that a neighbor's opposition to a proposed project creates an appearance of partiality and bias which disqualifies the individual from considering the matter as a member of a zoning board of appeals or planning board. Rather than considering the merit of the application during deliberations of the board, this individual would have already expressed a view or decided to oppose the project. Under these circumstances, an appearance would prevail that the proceedings were biased.
The village possesses ample authority to prohibit a board member from hearing an application under these circumstances either through the amendment of its code of ethics or through the enactment of a local law (General Municipal Law, § 806; Municipal Home Rule Law, §10[1][ii][a][1]).
Further, we believe that if a neighbor has pre-judged an application it is immaterial whether he has testified with respect to the application. For the reasons stated above, we believe this disqualifies the individual from serving on the planning board or zoning board of appeals with respect to the application. Also, if the planning or zoning board member appears to have a conflict of interests based on the circumstances and facts surrounding the application, he should recuse himself from serving on the board with respect to the application.
We conclude that the opposition of a neighbor to a proposed building project should disqualify that individual, as a member of a village planning board or zoning board of appeals, from hearing and determining an application on behalf of the project.