Franklin K. Bresselor, Esq. Town Attorney, Sand Lake
You have asked whether a member of your town's planning board has a conflict of interests with respect to an application for subdivision approval currently pending with the board.
You have explained that the member of the planning board is also a member of a neighborhood association. You have indicated that the association has not directly opposed the application but through its president has submitted a letter listing a number of concerns and urging thorough planning board review to be sure that these concerns are carefully addressed. You have informed us that the planning board member was not present at the meeting at which the neighborhood association voted to express its concern and to submit a letter concerning this application. Nor has the planning board member personally taken a position concerning the application.
You have also informed us that the same applicant made a similar application for subdivision approval some years ago. At the time, the subject person was not a member of the planning board. You indicated that as a citizen he expressed his disapproval of the application solely on the basis that adequate sewerage could not be provided. You have informed us that in the interim the town has constructed a sewer system and that it appears the applicant will be able to connect to it, thus eliminating this concern.
The development of ethics standards to define when private employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806 [1]). Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards (ibid.). A code of ethics may provide for the prohibition of conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics (id., § 808). Thus, we suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand.
It is not necessary, however, that a specific provision of the General Municipal Law or local regulations be violated to find a conflict of interests (Mtr. of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985]; Mtr. of Conrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon judicial findings of conflicts of interests of board members participating in the decisions (ibid.; Taxpayers' Association v TownBoard, 69 A.D.2d 320 [2d Dept, 1979]). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
Members of local boards unavoidably approach their duties with general views and philosophies concerning land use planning. For example, they may have opinions concerning the need for park land or for affordable housing. These opinions are acquired through each individual's education and experience as a resident of the community. Entrusting of zoning decisions, affecting the lives and livelihoods of residents, to a board promotes decision-making by a diverse group representing the overall public interest. This diversity promotes the planning process by helping to ensure that all facets of an application are considered (Informal Opinion No. 88-59).
As we found in our Informal Opinion No. 88-59, however, opposition of a neighbor to a proposed project disqualifies that individual from acting as a member of a planning board with respect to the project (see Code of Judicial Conduct, Canon 3 [C] [1] [a] and [c], McKinney's Judiciary Law). A neighbor's opposition to, for example, a proposed subdivision is distinguishable from a board member's philosophical approach. Neighbors often act out of their own self-interests as influenced by concern about property values and the interests and concerns of their families. In our view, they may be incapable of measuring the merit of the application in light of the overall public interest or, stated differently, the overall needs of the municipality. They may be blinded in part by the overriding parochial concerns of neighbors. At least, we believe that a neighbor's opposition to a proposed project creates an appearance of partiality and bias which disqualifies the individual from considering the matter as a member of a planning board. Rather than considering the merit of the application during deliberations of the board, this individual would have already expressed a view or decided to oppose the project. Under these circumstances, an appearance would prevail that the proceedings were biased.
Thus, if the planning board member has pre-judged the application, he should disqualify himself from the proceedings. Further, if the planning board member appears to have a conflict of interests based on the circumstances and facts surrounding the application, he should recuse himself from acting as a member of the planning board with regard to this matter. It does not appear that the opposition of this person to the previous application establishes a conflict of interests if in fact the concerns expressed in that opposition will be addressed in the current application. Further, mere membership in a neighborhood association expressing concerns but not opposition to an application, in which the planning board member took no part, does not, in our view, establish a basis for a conflict of interests. It is, however, a question of fact based upon all the circumstances as to whether the planning board member has or appears to have pre-judged the application. The ultimate judgment must be made by the planning board member who best knows his own state of mind and by local officials charged with enforcement of the municipality's code of ethics. The latter might consider requesting an advisory opinion of the town's board of ethics or if none exists, the county's board of ethics, assuming that one has been established, which can act as a fact-finding body (General Municipal Law, § 806). We caution you that action taken by the planning board that includes the participation of a member with a conflict of interests might be subject to a successful judicial challenge. It is wise, therefore, both in order to uphold action taken by the planning board and in the interests of good government, to eliminate any possibility of a taint on the proceedings. We note that if standards are lacking in the town's code of ethics, the town can amend the code or enact a local law establishing standards and requiring recusal under specified circumstances (General Municipal Law, § 806; Municipal Home Rule Law, § 10 [1] [ii] [a] [1]).
We conclude that a member of a planning board who as a neighbor is opposed to a pending application for subdivision approval must recuse himself from participating in any planning board proceedings on the application. It is a question of fact based upon all the circumstances as to whether the member has or appears to have pre-judged the application.