Gale L. Foster, Esq. Town Attorney, New Paltz
You have indicated that it is your understanding that a town engineer is prohibited from representing developers in the town where he serves as town engineer. You inquire whether it is proper, in place of the town engineer, for the town to employ by contract a consulting engineer and to allow the consulting engineer to represent private clients in the town. The consulting engineer is used by the town whenever the need for engineering services arise.
You informed us that the town's consulting engineer has responsibility for the inspection of roads and septic systems in single family residences, buildings and in subdivisions. He is occasionally responsible for the inspection of buildings and you have informed us that the consulting engineer also serves as a member of the town planning board. In private practice within the town, the consulting engineer performs engineering services in relation to septic systems and roads.
As a general proposition, we believe that it does not matter whether the individual in question holds the office of town engineer or performs services for the town by contract as a consulting engineer. Private sector work creating a conflict of interests for a town engineer would also create conflicts for a consulting engineer. The question is whether there are any conflicts of interests between the public duties performed by the individual and his private practice in the town.
The development of ethics standards to define when private employment or actions are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806[1]). Municipalities are required to adopt a code of ethics, which must include these and other standards (ibid.). A code may provide for the prohibition of conduct in violation of ethics standards (ibid.). Also, local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by the code of ethics (id., § 808). Therefore, it is necessary that you review your local code of ethics to determine whether any provisions apply to the question at hand.
It is not necessary, however, that a specific provision of the General Municipal Law be violated in order to find a conflict of interests (Matter of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985];Matter of Conrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions (ibid; Taxpayers' Association v Town Board, 69 A.D.2d 320
[2d Dept, 1979]).
In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
It is obvious that the consulting engineer may not perform engineering services for the town that involve the review of his own work in the private sector. Such services would cause a direct and egregious violation of ethical standards. This, of course, would apply to his service on the town planning board where a subdivision review, for example, includes roads and septic systems that were designed by this consulting engineer for the private developer. It is necessary that the consulting engineer recuse himself from performing town engineering services and from participating in planning board deliberations concerning such matters.
Further, if the individual's outside consulting work in the town is extensive, necessitating numerous recusals from his town duties, we believe it is unwise for this individual to continue performing town engineering services and to continue as a member of the town planning board. Numerous recusals will make the individual unable to perform fully his duties. Further, a person with extensive private consulting work will often be in a position of having to review the work of his competitors. We believe that this would create legitimate questions as to whether he can act impartially regarding such matters. In any event, we believe that extensive private sector work by the individual in question will create at least an appearance of impropriety which excludes him from eligibility to serve as a member of the planning board and to perform town engineering services. In conclusion, it is necessary that you carefully review the extent and nature of the private sector work of the individual in question to determine the applicability of the foregoing ethical standards.
Your second question is whether a town can avoid the requirement that a town attorney reside in the town by employing a lawyer to perform services on a contractual basis.
A town board may establish the office of town attorney (Town Law, §20[2]). Every town officer, including the town attorney, is required to be a resident of the town at the time of his appointment and throughout his term of office (id., § 23). In towns having no resident attorney, however, the town attorney need not be a resident of the town (ibid.).
Thus, if a town has established the office of town attorney, the occupant of the office must be a resident of the town unless there is no attorney residing in the town (1977 Op Atty Gen [Inf] 82). A town board may, however, abolish the office of town attorney or decide not to establish the office, and retain an attorney to perform specified legal services (ibid.). The attorney would be an independent contractor paid for actual legal services rendered and would not have to be a resident of the town (ibid.).
We conclude that under certain circumstances a person performing town engineering services will have to recuse himself from acting on behalf of the town because of his private consulting interests and may, depending on the facts, be ineligible to serve the town. A town may decide not to establish the office of town attorney or may abolish that office and contract for the provision of legal services. Under these circumstances, the attorney need not reside within the town.