David L. Levinson, Esq. Village Attorney, Goshen
You have asked whether a member of a board of trustees of a village who is also an employee of the town in which the village is located may vote on matters that affect the town which come before the board of trustees for consideration.
The development of ethics standards to define when employment or actions are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806[1]). Municipalities are required to adopt a code of ethics, which must include these and other standards (ibid.). A code may provide for the prohibition of conduct in violation of ethics standards (ibid.). Also, local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by the code of ethics (id., § 808). Therefore, it is necessary that you review your local code of ethics to determine whether any provisions apply to the question at hand.
It is not necessary, however, that a specific provision of the General Municipal Law be violated in order to find a conflict of interests (Matter of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985];Matter of Conrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions (ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320
[2d Dept, 1979]).
In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
In our view, any decision by the board of trustees that involves the balancing of the interests of the town and village would create a conflict of interests for this individual. His employment by the town could give rise to divided loyalties with respect to such matters and at least would create an appearance of impropriety. We believe it is necessary for this individual to recuse himself from participating in these matters as a member of the board of trustees.
We conclude that a member of a village board of trustees who is also employed by the town must recuse himself from participating in matters involving the balancing of the interests of the two municipalities.