Herschel Greenbaum, Esq. Village Attorney, Buchanan
You have asked whether under certain circumstances the chairman of your village's planning board has a conflict of interests.
You have indicated that the son of the chairman, who is a first year law student, made application for summer employment to a law firm that represents clients before the village's planning board. The law firm represents the developer of the three largest and most controversial projects in the village. The application by the son was made at a time when these substantial projects were before the planning board for review. Further, you have informed us that the chairman was aware of his son's application for employment and continued to act as a member of the planning board with respect to the aforementioned projects while the employment application was pending. You have informed us that the son is no longer being considered for employment by the law firm. You inquire whether the chairman's actions in continuing to participate as a member of the planning board with respect to these large projects, while his son was in the process of applying for employment with the law firm, created a conflict of interests. Further, you ask whether it is proper for the chairman to continue to participate with respect to these projects as a member of the planning board.
The development of ethics standards to define when employment or actions are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806[1]). Municipalities are required to adopt a code of ethics, which must include these and other standards (ibid.). A code may provide for the prohibition of conduct in violation of ethics standards (ibid.). Also, local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by the code of ethics (id., § 808). Therefore, it is necessary that you review your local code of ethics to determine whether any provisions apply to the question at hand.
It is not necessary, however, that a specific provision of the General Municipal Law be violated in order to find a conflict of interests (Matter of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985];Matter of Conrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions (ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320
[2d Dept, 1979]).
In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
We believe that the application by his son, in the context described by you, may have compromised the chairman's ability to make impartial judgments solely in the public interest and at least creates an appearance of impropriety that must be avoided. On numerous occasions, we have found that the familial relationship can compromise a public official's impartiality (Informal Opinions Nos. 88-63, 88-34; 1986 Op Atty Gen [Inf] 101). Under the circumstances you have presented, in our view the public might reasonably conclude that the chairman's impartiality was compromised. While the chairman may believe his actions were in the public interest, there is no objective way to verify this. That is why public officials must always avoid the appearance of impropriety. Further, we believe the chairman should not participate in the future with respect to these projects. The prior conflicts would taint subsequent participation by the chairman on these matters. Subdivision review is a continuing process and all phases are considered in final deliberations by the planning board. The events surrounding the chairman's prior participation makes his future involvement inappropriate. Also, continued participation by the chairman would create an appearance of impropriety.
We conclude that the chairman of the planning board should recuse himself from participating with respect to any projects in which he has conflicts of interests.