Requestor: Paul T. Kellar, Town Attorney Town of Gardiner 14 Pearl Street, U.P.O. 3536 Kingston, New York 12401
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the chairman of your town's planning board has a conflict of interests requiring that he recuse himself from participating with regard to certain matters that come before the board.
You have informed us that the chairman of the planning board is also the president of a business which fabricates steel and provides steel products. The gross sales of this company are approximately $2,000,000 per year. A developer in the community who presents many projects to the town planning board for approval is the owner of a local building and construction company which purchases steel products from the corporation of which the chairman of the planning board is president. Further, you have informed us that the sales by this corporation to the developer's corporation are valued at approximately $2,500 per year. In that the developer in question is active in land development in the town, you question whether and to what extent the chairman of the planning board must refrain from participating in projects that concern this developer.
The development of ethics standards to define when employment or actions are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806[1]). Municipalities are required to adopt a code of ethics, which must include these and other standards (ibid.). A code may provide for the prohibition of conduct in violation of ethics standards (ibid.). Also, local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by the code of ethics (id., § 808). Therefore, it is necessary that you review your local code of ethics to determine whether any provisions apply to the question at hand.
It is not necessary, however, that a specific provision of the General Municipal Law be violated in order to find a conflict of interests (Matter of Zagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985];Matter of Conrad v Hinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions (ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 32
[2d Dept, 1979]).
In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
In our view, it is clear that the chairman of the planning board should recuse himself from participating in any deliberations or votes concerning applications by this developer which include or may include materials purchased from the corporation of which the chairman is president. Under these circumstances, the chairman would have a direct financial interest in the application, resulting in a conflict of interests. Further, we believe that the on-going business relationship which the chairman of the planning board has with the developer requires that the chairman recuse himself from all deliberations and votes regarding any application by this developer. This relationship creates at least an appearance of impropriety were the chairman to continue acting with respect to applications by the developer.
There is also the question whether the chairman's business dealings in the town would prevent him from acting on applications involving developers planning to incorporate steel products in their projects but not utilizing the services of the corporation of which the chairman is president. The reviewing of applications by developers who do not utilize the services of his firm could create at least an appearance of impropriety. The conflict in these circumstances will depend upon the extent of the chairman's business in the town. These facts will also determine whether recusal is an effective remedy or whether this individual is ineligible to serve on the planning board. You have not presented enough facts regarding the chairman's business dealings in the town for us to make this determination. In any event, it would seem more appropriate that this judgment be made by local officials familiar with conditions in the locality.
We conclude that the chairman of the town planning board must recuse himself from acting with respect to applications by a developer who does business with the corporation of which the chairman is president.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.