Requestor: James E. Spellman, Village Attorney Village of Ilion P.O. Box 367 Ilion, New York 13357
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a member of a village board of trustees who is employed by a local industry may vote on a proposed zoning change that would aid that industry in securing a more efficient and cheaper power generation unit.
We note that every application for a change of zoning must state the name, residence and the nature and extent of any interest of any officer or employee of the municipality in the person or entity making the application (General Municipal Law, § 809[1]).
It is not necessary that a specific provision of the General Municipal Law be violated to find an improper conflict of interest (Mtr. ofZagoreos v Conklin, 109 A.D.2d 281, 287 [2d Dept, 1985]; Mtr. of Conrad vHinman, 122 Misc.2d 531, 534 [Sup Ct, Onondaga Co, 1984]). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions (ibid; Taxpayers' Association v Town Board, 69 A.D.2d 320 [2d Dept, 1979]). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
The courts have recognized a disqualifying conflict of interests resulting from a board member's employment with a firm likely to receive business if an application before the board by another firm is approved (Taxpayers' Association, supra). In Taxpayers' Association, a member of the town board voting in favor of an application to build residential units was an officer of an advertising agency which was a strong contender to obtain advertising contracts from the applicant with respect to the planned residential unit.
In our view, the trustee's employment with the industry that would benefit from the proposed zoning change would create a substantial conflict were he to participate as a member of the board of trustees in determining the application. The industrial concern has a substantial commercial interest in the approval of the zoning change. There are "subtle but powerful psychological pressures" placed on an employee under these circumstances (see Mtr. of Zagoreos v Conklin, supra, p 288). There is a possibility that the trustee's impartiality may be compromised by these pressures. At least, these circumstances would reasonably create an appearance of impropriety in the eyes of the public.
We conclude that a member of the village board of trustees should recuse himself from participating in an application for a change of zoning that would benefit the industry for which he is employed.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.