Requestor: Judd Grey, Esq., Village Attorney Village of Corinth 260 Main Street Corinth, New York 12822
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether under specified circumstances two village trustees who are also active members of the volunteer fire department have conflicts of interests which require that they recuse themselves from deliberations and voting.
You have explained that the village board consists of four trustees and the mayor. The village owns a firehouse and firefighting equipment which is utilized by the volunteer fire company. You further explained that the village, as part of its annual budget, provides substantial sums of money for firefighting equipment. Also, at the general election in March of 1990, the voters of the village rejected a proposition to establish a service award program for volunteer firefighters.
Your question is whether the two trustees who are active members of the volunteer fire department may vote on a proposal to submit to the voters the question whether a service award program should be established for volunteer firefighters of the volunteer fire department. Also, you ask whether these two trustees may deliberate and vote on that portion of the budget which deals with funding of the fire department.
The development of ethics standards to define when private employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law, § 806(1). Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards. Ibid. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Ibid. Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics. Id., § 808. Thus, we suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand.
It is not necessary, however, that a specific provision of the General Municipal Law or local law be violated to find a conflict of interests.Mtr. of Zagoreos v Conklin, 109 A.D.2d 281, 287 (2d Dept 1985); Mtr. ofConrad v Hinman, 122 Misc.2d 531, 534 (Sup Ct Onondaga Co 1984). The decisions of local boards have been set aside based upon judicial findings of conflicts of interests of board members participating in the decisions. Ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320 (2d Dept 1979). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86, 160. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Ibid.
Article 11-A of the General Municipal Law is the enabling legislation for the establishment of service award programs for volunteer firefighters. Upon the affirmative vote of at least sixty percent of the governing board of the political subdivision, a mandatory referendum of eligible voters is held to determine whether the governing board will establish a service award program for the volunteer firefighters of the volunteer fire department or fire companies. General Municipal Law § 216(2). A service award program provides for the payment of monetary benefits to eligible volunteer firefighters based on years of firefighting service as determined under the provisions of State law. Id., §§ 217, et seq.
In our view, the two trustees may not participate in deliberations and voting as to whether to submit the proposition to the voters for the establishment of a service award program. Since this program would provide monetary benefits to them as volunteer firefighters, they have a direct personal financial interest in such action. In our view, this interest compromises their ability to make impartial judgments solely in the public interest.
The question whether the two trustees may participate in deliberations on that portion of the budget funding the fire department is less clear cut. The two trustees are not officers of the volunteer fire department, a policy-making status which would give them a greater interest in the funding of the department. Further, both the trustees and volunteer firefighters have an interest in supporting the fire department, which protects the health and welfare of village residents. The trustees, however, must determine the extent of support, taking into consideration limited resources. On balance, we believe that the two trustees should recuse themselves from participating in deliberations on the portion of the budget funding the fire department. In our view, participation in these matters would at least create an appearance of impropriety.
We conclude that trustees of a village who are also volunteer firefighters must recuse themselves from acting with respect to the establishment of a service award program for volunteer firefighters and with respect to the funding of the fire department.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.