Requestor: David Avstreih, Esq., Corporation Counsel City of Mount Vernon, City Hall Roosevelt Square Mount Vernon, New York 10550
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether it is permissible for two city employees, one of whom is the tax assessor, to serve as the coordinators of the 1991 election campaign for a city political party.
We are not aware of any State statute that prohibits city employees from holding these party positions. The development of ethics standards to define when private employment or actions are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law §806(1). Municipalities are required to adopt a code of ethics, which must include these and other standards. Ibid. A code may provide for the prohibition of conduct in violation of ethics standards. Ibid. Also, local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by the code of ethics.Id., § 808. Therefore, it is necessary that you review your local code of ethics to determine whether any provisions apply to the question at hand.
It is not necessary, however, that a specific provision of the General Municipal Law be violated in order to find a conflict of interests.Matter of Zagoreos v Conklin, 109 A.D.2d 281, 287 (2d Dept 1985); Matterof Conrad v Hinman, 122 Misc.2d 531, 534 (Sup Ct Onondaga Co 1984). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions. Ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 320 (2d Dept 1979).
In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86, 160. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Ibid. Thus, it is necessary that these employees, in exercising their public duties, recuse themselves from acting with respect to any matter in which they have a conflict of interests as a result of their party activities.
We conclude that absent a prohibition in a local code of ethics, city employees may serve as coordinators of an election campaign on behalf of a political party.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.