Requestor: Thomas J. Egan, Esq. Town of Tuxedo Planning Board P.O. Box 512 Monroe, N Y 10950
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a member of the town planning board has a conflict of interests with regard to a major project currently before the planning board for review and approval.
You have explained that the planning board is in the process of reviewing an application which has been before it for at least ten months to build a major development in a forest area known as Sterling Forest. The application pending is for the development of thousands of residences, numerous commercial sites, schools and recreational facilities and the necessary infrastructure. The project is currently at the concept approval stage. You have indicated that on June 23, 1992 the planning board member in question submitted written and oral testimony before certain committees of the United States House of Representatives. The hearing was held to determine the direction of future development of Sterling Forest. You have informed us that the member appeared at the hearing as an official representative of a taxpayers' association. You have characterized the testimony as follows:
 "In her statement, the Planning Board member clearly stated her belief that the Sterling Forest project in question cannot occur without irreparable damage to the area. She also states that the groups which she was representing support the preservation of Sterling Forest. The statements are strong indicia that she very clearly opposes the development of the project."
First, you ask whether the private action of the board member in testifying at the hearing created a conflict of interests which would prevent her from serving as a member of the planning board with respect to the Sterling Forest application.
The development of ethics standards to define when private employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law § 806(1). Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards,Ibid. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Ibid. Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics. Id., § 808. Thus, we suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand.
It is not necessary, however, that a specific provision of the General Municipal Law or local regulations be violated to find a conflict of interests. Mtr. of Zagoreos v Conklin, 109 A.D.2d 281, 287 (2d Dept 1985); Mtr. of Conrad v Hinman, 122 Misc.2d 531, 534 (Sup Ct, Onondaga Co, 1984). The decisions of local boards have been set aside based upon judicial findings of conflicts of interests of board members participating in the decisions. Ibid.; Taxpayers' Association v TownBoard, 69 A.D.2d 320 (2d Dept 1979). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86, 160. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Ibid.
In a prior opinion of this office, we found that a neighbor's opposition to a proposed project disqualified that individual from acting as a member of a municipal board having jurisdiction over the project.
 "In our view, however, opposition to a proposed project by a neighbor should disqualify that individual from acting as a member of a zoning board of appeals or planning board with respect to the project (see, Code of Judicial Conduct, Canon 3[C][1][a] and [c], McKinney's Judiciary Law). A neighbor's opposition to, for example, a proposed rezoning or variance application is distinguishable from a board member's philosophical approach. Neighbors often act out of their own self-interests as influenced by interests and concerns of their families. In our view, they may be incapable of measuring the merit of the application in light of the overall public interest or, stated differently, the overall needs of the municipality. They may be blinded in part by the over-riding parochial concerns of neighbors. At least we believe that a neighbor's opposition to a proposed project creates an appearance of partiality and bias which disqualifies the individual from considering the matter as a member of a zoning board of appeals or planning board. Rather than considering the merit of the application during deliberations of the board, this individual would have already expressed a view or decided to oppose the project. Under these circumstances, an appearance would prevail that the proceedings were biased."
1988 Op Atty Gen (Inf) 115, 116-117.
Similarly, we believe that the board member's testimony at a public hearing in opposition to the development of Sterling Forest disqualifies that individual from acting as a member of the planning board with respect to pending applications to develop that area.
You have also asked, in the event there is a conflict of interests and the member refuses to recuse herself with respect to the applications, what actions may be taken to preclude the member from taking part in the proceedings. First, the member should be made aware of court decisions invalidating actions taken by municipal boards acting despite conflicts of interests. Taxpayers' Association v Town Board, supra. Also, section271(9) of the Town Law authorizes the town board to remove a member of a planning board for cause after a public hearing. Further, section 806(1) of the General Municipal Law requires that every municipality adopt a code of ethics setting forth the standards of conduct expected of officers and employees. Under that provision, these codes may provide for "the prohibition of conduct". Thus, a code of ethics may incorporate specific standards and prohibit municipal officers and employees from acting in violation of these standards. A local government by local law may grant to its board of ethics the authority to enforce local ethics provisions. Informal Opinion No. 91-68.
We conclude that a member of a town planning board who has given testimony in opposition to the development of a forested area should recuse herself from participating as a member of the planning board in applications for development of that area.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.