Requestor: Kevin T. Dowd, Esq., Town Attorney Town of Monroe P.O. Box 1479 Newburgh, N Y 12550
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether any conflicts of interests or violations of the General Municipal Law would occur were the attorney for the planning board to represent private clients before that board.
Under section 805-a of the General Municipal Law, no municipal officer or employee may receive or enter into any agreement for compensation for services to be rendered in relation to any matter before a municipal agency of which he is an officer, member or employee. General Municipal Law § 805-a(1)(c). In our view, an attorney for a planning board would be prohibited by this provision from representing a private client before that board for compensation. 1987 Op Atty Gen (Inf) 143.
It is not clear from your letter whether the subject attorney is an officer, employee or independent contractor with the planning board. As we have stated, section 805-a by its terms prohibits an appearance by an officer or employee. While section 805-a does not expressly cover an independent contractor, we believe that an independent contractor performing regular services for the planning board would be prohibited from representing a private client for compensation before that board. If not a violation of section 805-a, we believe that such an appearance would constitute a common law conflict of interests.
It is not necessary that a specific provision of the General Municipal Law be violated to find a conflict of interests. Mtr. of Zagoreos vConklin, 109 A.D.2d 281, 287 (2d Dept 1985); Mtr. of Conrad v Hinman,122 Misc.2d 531, 534 (Sup Ct Onondaga Co 1984). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions. Ibid.;Taxpayers' Association v Town Board, 69 A.D.2d 320 (2d Dept 1979). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86, 160. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Ibid.; see, 1989 Op Atty Gen (Inf) 109.
You have suggested that our 1987 opinion is distinguishable from the question you have presented in that the attorney discussed in the 1987 opinion served both as the town attorney and the attorney for the planning board. This characterization is incorrect. We found that a violation of section 805-a of the General Municipal Law would occur if the planning board attorney appeared before that board representing a client for compensation. Section 805-a(1)(c) covers appearances by an officer, member or employee of the municipal agency. Thus, your suggestion that the prohibition would apply only to officers is not consistent with the statute or our other opinion.
You have indicated that the attorney was hired by the planning board with the understanding that he would be able to complete the provision of legal services to existing clients which would necessitate his appearance on occasion before the planning board on behalf of his clients. You ask whether the planning board to this extent may waive potential conflicts of interests. In our view, the planning board may not waive conflicts of interests. The planning board's responsibilities are performed for the benefit of the public, in this case the people of the Town of Monroe. The purpose of section 805-a and common law conflict of interests rules is to ensure that public responsibilities are performed impartially and solely in the public interest. If a public body was allowed to waive conflicts of interests, this important public purpose would not be achieved.
We conclude that an attorney for a planning board may not represent clients for compensation before that board. Conflicts of interests may not be waived by the planning board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.