Elissa Y. Killian, Esq. Village Attorney Village of Liberty P. O. Box 71 Liberty, N Y 12754-0071
Dear Ms. Killian:
You have requested an opinion regarding whether (1) the Mayor of the Village of Liberty, who serves as the treasurer and as a volunteer firefighter for the Joint Fire District, and (2) a Trustee of the Village, who serves as a volunteer firefighter for the Joint Fire District, should vote on a proposed sale of Village properties to the Joint Fire District.
In a telephone conversation, you informed us that the Joint Fire District serves both the Village and the Town of Liberty. The Joint Fire District currently has three firehouses located within the Village of Liberty and is evaluating various proposals concerning the replacement of these firehouses. The Joint Fire District is considering either consolidating the three firehouses into one new firehouse or building three new firehouses. You informed us that the Joint Fire District would like to purchase certain properties from the Village of Liberty for the construction of the new firehouse(s). Therefore, the Village Trustees, through control of Village owned property, to some extent may control the number and location of sites to be transferred and consequently the cost of the project. Additionally, you informed us that the proposals have generated a great deal of controversy among Village residents regarding the cost to build one or three new firehouse(s), as well as the location of the proposed firehouse(s). The Village is included in the Joint Fire District and, therefore, its residents are assessed for the costs of the Joint Fire District.[1]
The Mayor of the Village of Liberty serves as the treasurer of the Joint Fire District. The treasurer of the Joint Fire District is an appointed position, is paid $1200 per year, and has no voting power on the Joint Fire District Board. The Mayor is also a volunteer firefighter with the Joint Fire District. Additionally, one of the Trustees of the Village of Liberty is a volunteer firefighter with the Joint Fire District.
The development of ethics standards to define when employment and activities are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law § 806(1).[2]
Governing bodies of a county, city, town, village and school district are required to adopt codes of ethics, which must include these and other standards. Id. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Id. We suggest that you review your local code of ethics to determine if any of its provisions apply to the facts at hand.
Also, local governments are authorized to establish boards of ethics which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics. General Municipal Law § 808. If formed, the Board of Ethics could issue an opinion as to whether recusal would be appropriate in this situation, taking into consideration all of the relevant facts. In issuing opinions, this office does not act as a fact finder. We rely upon the provision of facts in the opinion request. We have been informed that the proposals have generated controversy, but a decision on recusal should be based upon specific findings which can only be determined locally by local officials.
Generally, Trustees on the Village of Liberty Board (which includes the Mayor) must make decisions solely in the interest of Village taxpayers. The real property in issue should only be sold upon a finding that it is not needed by the Village, for adequate consideration, and taking into account the proposed use and its impact on Village residents.
The Mayor and Trustee are closely affiliated with the Joint Fire District, the Mayor as the treasurer of the Joint Fire District and as a volunteer firefighter and the Trustee as a volunteer firefighter. Accordingly, the question is whether the Mayor and Trustee can make impartial decisions, in the best interest of the Village, regarding the sale of Village properties to the Joint Fire District. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. If the Mayor and Trustee have divided interests which could affect their ability to act impartially, or create an appearance of impropriety, they should not participate in the deliberations and voting regarding whether to sell Village properties to the Joint Fire District.
It appears under theses circumstances that there is at least an appearance of impropriety. We recommend, however, that a local Board of Ethics assemble the facts and advise the Mayor and Trustee regarding recusal. An impartial (see, 1986 Op Atty Gen (Inf) 100) Board of Ethics can be formed easily and quickly for this determination.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General
[1] Although some actions will benefit both the Village and the Joint Fire District because the Joint Fire District provides firefighting services within the Village, the proposals in issue have been controversial and divisive.
[2] We note that it is not necessary that a specific provision of the General Municipal Law or local law be violated to find a conflict of interests. Matter of Zagoreos v. Conklin, 109 A.D.2d 281, 287 (2d Dept 1985); Matter of Conrad v. Hinman, 122 Misc.2d 531, 534 (Sup Ct, Onondaga County 1984). The decisions of local Boards have been set aside based upon judicial findings of conflicts of interests of Board members participating in the decisions. Matter of Zagoreos, supra; Matter ofConrad, supra; Tuxedo Conservation and Taxpayers Association v. TownBoard, 69 A.D.2d 320, 324 (2d Dept 1979). In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86, 160. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Id.