Lynne A. Bizzarro, E Informal Opinion Town Attorney No. 2003-8 Town of Babylon 200 East Sunrise Highway Lindenhurst, N.Y. 11757-2597
Dear Ms. Bizzarro:
You have asked whether a part-time Assistant Town Attorney in your office, earning five thousand dollars ($5,000.00) per year, whose duties to the Town are limited to serving the Town Plumber's Examining Board, has a conflict of interest in representing private clients before the Town Zoning Board of Appeals or Planning Board, or in matters concerning the Town Planning Department.
We conclude that a part-time Assistant Town Attorney, whose work is limited to matters relating to the Town Plumber's Examining Board, may represent private clients before other Town agencies so long as compensation is fixed based upon the reasonable value of services rendered, rather than contingent upon any action by such agency regarding the matter, and so long as the individual facts of any such representation do not create an appearance of impropriety or violate common law conflict of interest standards.
Background
You have specified that the attorney in question was appointed as Assistant Town Attorney to serve the Town Plumber's Examining Board and that he does not have any other responsibilities with your office. You have further specified that the Plumber's Examining Board is responsible for the licensing of plumbers who work within the Town, and that it meets once a month and interviews applicants, tests them through both written and practical tests, and addresses any questions regarding the plumbing code. You have also advised that as part of his duties, the attorney in question recently redrafted the Town's Plumbing Code. The attorney has indicated that he would not represent any private clients in matters that are, or will likely be, before the Plumbing Board.
Analysis
Under section 805-a(1)(c) of the General Municipal Law, no municipal officer or employee may receive or enter into any agreement for compensation for services to be rendered in relation to any matter before a municipal agency of which he is an officer, member or employee. General Municipal Law § 805-a(1)(c). In addition to the prohibition against representing clients before the same board which he serves, section 805-a(1)(d) of the General Municipal Law prohibits a municipal officer or employee from receiving or entering into any agreement for compensation for services to be rendered in relation to any matter before any agency of his municipality, where his compensation is dependent or contingent upon any action by the agency. Id. § 805-a(1)(d). The provision, however, does not prohibit the fixing of fees based upon the reasonable value of the services to be rendered.Id. We have previously opined that these provisions prohibit the attorney for a town board from representing clients for compensation before that same board, and from representing private clients on a contingency basis before other municipal agencies. See Op. Att'y Gen. (Inf.) No. 93-36 (attorney for planning board may not represent clients before that board); Op. Att'y Gen. (Inf.) No. 92-54 (part-time counsel to a city board of water supply may not represent private clients on a contingency basis before the city's planning board and zoning board of appeals).
In this case, the attorney in question was appointed by the Town Attorney and Town Board to serve as an Assistant Town Attorney performing work solely for the Town Plumbing Board. As an assistant town attorney he is clearly an employee of the Town Attorney's Office. Moreover, although the attorney was not appointed by the Plumber's Examining Board, it appears that by virtue of serving as an attorney for this Board, for purposes of section 805-a, he is functionally employed by the Plumber's Examining Board as well. See Op. State Compt. No. 2000-22 (section 805-a prohibits town attorney from performing compensated services for private clients in relation to any matter before any town agency for which he or she serves as attorney); Op. State Compt. No. 85-60 (same; village attorney).
As the attorney's duties to the Town Attorney's Office are limited to serving the Plumber's Examining Board, we conclude that section 805-a does not prohibit him from representing private clients before the planning or zoning boards or planning department. Under section 805-a(1)(d), however, he could not represent private clients before those agencies on a contingency basis. The fixing of a fee based upon the reasonable value of the services rendered would be appropriate.
There are several further restrictions regarding the type of representation you describe. We have opined that even in cases where sections 805-a(1)(c) and (d) do not prohibit representation of private clients before municipal agencies, such representation may violate common law conflict of interest standards. Op. Att'y Gen. (Inf.) No. 97-41; Op. Att'y Gen (Inf.) No. 93-36; see Matter of Zagoreos v. Conklin,109 A.D.2d 281, 287 (2d Dep't 1985); Matter of Conrad v. Hinman,122 Misc.2d 531, 534 (Sup.Ct. 1984).
 In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
Op. Att'y Gen. (Inf.) No. 93-36 (internal citations omitted). Thus, we have concluded that part-time counsel to a city board of water supply should not represent clients before the city's planning board and zoning board of appeals, where city regulations required an applicant granted planning and zoning approvals to enter into an agreement with the board of water supply for required utility easements. We found that such representation would create "at least an appearance of impropriety when the applicant appears before the Board of Water Supply for approval of easements. The Board would be faced with reviewing an applicant who had already been represented by their own counsel in appearances before the planning board and zoning board of appeals." Op. Att'y Gen. (Inf.) No. 92-54. Such conflicts must, of course, be avoided.
Similarly, a public official should not take actions that are likely to create even a possible conflict. For example, we have previously concluded that architects who serve on a village board of zoning appeals should not represent applicants seeking approval to modify buildings or start new construction, even in the initial application process before the building department, because such representation could create thepossibility of conflicts of interest if those applications ultimately came before the zoning board on which the architects served. Op. Att'y Gen. (Inf.) No. 94-51. Thus, in this case, where the attorney's representation of a client before the planning or zoning boards or the planning department could cause even the possibility of a subsequent conflict of interest, such representation should not be undertaken.
Ensuring that the attorney will not represent clients in matters before the zoning and planning boards that are, or are likely to be, before the Plumbing Board is an appropriate measure that will avoid certain common law conflicts of interest. However, circumstances that might create other types of conflicts or an appearance of impropriety must also be considered. For example, if the attorney contemplates that planning or zoning approval of his client's project might in any way depend on application of the town's plumbing code, such representation should be avoided. Similarly, an appearance of impropriety could arise if the Plumbing Board attorney represents a private client in a town planning or zoning matter in which the town's interests are represented by the Town Attorney's Office. In such a circumstance, you, as Town Attorney, would be litigating against your subordinate, a situation that could threaten the public trust in the impartiality of government decision making.
Thus, while the attorney is not statutorily prohibited from representing clients in such matters as you have outlined, great sensitivity will be required to assure that a potential conflict of interest or an appearance of impropriety does not arise. Individual representations should therefore be subject to a case-by-case review to assure against any current or possible future appearance of impropriety.
Finally, we note that a municipality, as a part of its code of ethics, may include more stringent requirements. Thus, for example, a code of ethics might prohibit a municipal officer or employee from making a compensated appearance before any agency of the municipality. We suggest that you review your local code of ethics to determine whether any provisions are relevant to the question at hand. We further note that the Code of Professional Responsibility may also prohibit a municipal attorney from representing private clients before town agencies under certain circumstances. For further information in this regard, we suggest contacting the New York State Bar Association Committee on Professional Ethics.
We conclude that a part-time Assistant Town Attorney, whose duties are limited to serving as counsel to the Town Plumber's Examining Board, may represent private clients before other municipal agencies so long as fees are fixed based upon the reasonable value of services rendered, rather than contingent upon any action by such agency, and assuming that the individual facts of any such representation do not create an appearance of impropriety or violate common law conflict of interest standards.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this Office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
By:___________________________
PATRICK J. WALSH
Assistant Solicitor General