OPINION OF THE COURT
Chief Judge Cooke.
This litigation arises out of a controversy between two developers over the right to build a shopping center in the Town of Webster, Monroe County. The developers sought to construct large shopping malls on parcels of nearly 100 acres each, located within one-half mile of each other. The developers — Webster Associates and Expressway Associates — both applied in 1979 for the necessary rezoning of their respective sites. The town planning board approved the Webster Associates application in November, 1979 and, on December 27, rezoned the Webster Associates site to create a Planned Shopping Commercial District within an existing Commercial Shopping Center District, thus permitting Webster Associates to construct its mall. Su *226 preme Court vacated the town board’s action, however, as taken in violation of the provisions of the State Environmental Quality Review Act (SEQRA) (ECL 8-0101 et seq.) and of the due process rights of local residents and property owners (Bliek v Town of Webster, 104 Misc 2d 852).
As a result of the November, 1979 election, the town board’s membership changed, and on January 1, 1980, a new majority took control. Irving Kent, a respondent herein, had been elected supervisor and thus presided over the new town board. The board began consideration of the Expressway Associates plan a short time later. The town planning board disapproved Expressway Associates’ proposal in August, 1980. Notwithstanding this rejection, on October 23, 1980, the town board approved Expressway Associates’ preliminary development plans and passed a declaration of intent to rezone the site, the final step in the rezoning process required for approval of the Expressway Associates proposal.
Webster Associates and various local residents and landowners then brought separate lawsuits, under CPLR article 78 and for declaratory relief, which were consolidated. Supreme Court granted summary judgment dismissing the proceeding and action. The court also held that, although the individual petitioners-plaintiffs (hereinafter “plaintiffs”) had standing to bring both the action and proceeding, Webster Associates did not.[1] The Appellate Division affirmed (Webster Assoc. v Town of Webster, 85 AD2d 882). This court dismissed plaintiffs’ appeal taken as of right on constitutional grounds (56 NY2d 644), and granted plaintiffs leave to appeal (57 NY2d 606). For the reasons that follow, this court now reverses.
On this appeal, plaintiffs assert three bases for reversal and invalidation of the town board’s action. First, they allege that the chairman of the town board should have been disqualified from voting on the rezoning because of his bias in favor of the proposal. Second, they claim that the provisions of SEQRA were not satisfied. Finally, plaintiffs argue that the planning board’s disapproval of the *227 Expressway Associates proposal barred the town board from later approving the rezoning.
In claiming that the new chairman of the town board, Irving Kent, was biased, plaintiffs point to public statements by Kent before and after his election to the town board expressing support for the Expressway Associates project and criticism of the Webster Associates proposal. Plaintiffs rely on Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo (69 AD2d 320) for the proposition that the prohibition against “conflicts of interest” outlined in article 18 of the General Municipal Law should be construed broadly to ensure fair determinations by public officials. The conflicts encompassed by article 18, however, involve pecuniary and material interests rather than expressions of personal opinion (see General Municipal Law, § 800, subd 3). Indeed, Tuxedo involved a town board member who voted to approve construction of a housing project while he was an officer of the advertising agency employed by the developer’s parent company. No such financial interest was alleged here. Moreover, Kent’s statements allegedly indicating bias in favor of the Expressway Associates plan actually show more that he was upset at the hasty manner in which, during its final days in office, the prior town board approved Webster Associates’ proposal. In addition, although Kent spoke in favor of the Expressway Associates plan, he also repeatedly stated that he would act in an objective manner and in the best interest of the town when passing on zoning matters as a member of the town board. The courts below were correct in concluding that plaintiffs failed to show any action on the part of Kent, individually, that would provide a basis for setting aside the action of the town board.
Plaintiffs also allege that Expressway Associates’ proposal failed to comply with the requirements of SEQRA. The only contention meriting discussion is that the draft environmental impact statement (EIS) submitted by Expressway Associates was fatally defective because it failed to discuss Webster Associates’ proposal as an alternative. SEQRA requires that an EIS discuss “alternatives to the proposed action” (ECL 8-0109, subd 2, par [d]). This discus *228 sion, in both the draft and final EIS, must contain “a description and evaluation of reasonable alternatives to the action which would achieve the same or similar objectives” (6 NYCRR 617.14 [f] [5]). It is undisputed that Expressway Associates did not include a discussion of Webster Associates’ proposal in its draft EIS, although it did include such a discussion in its final EIS.
In rejecting plaintiffs’ contention, the Appellate Division relied in part on its conclusion that inclusion of the alternative proposal in the final EIS cured its omission in the draft EIS. This conclusion is questionable. It is true that SEQRA requires that a final EIS be made available to the public at least 10 days before the subject proposal is acted upon (see ECL 8-0109, subd 6; 6 NYCRR 617.9 [a]). This abbreviated waiting period, however, is not a substitute for the extended period and comprehensive procedures for public and agency scrutiny of and comment on the draft EIS (see ECL 8-0109, subd 4; 6 NYCRR 617.8). Thus, the omission of a required item from a draft EIS cannot be cured simply by including the item in the final EIS.
Nonetheless, on the particular facts of this case, the Appellate Division was correct in holding that the omission of the Webster Associates alternative was not fatal. The purpose of requiring inclusion of reasonable alternatives to a proposed project is to aid the public and governmental bodies in assessing the relative costs and benefits of the proposal. To be meaningful, such an assessment must be based on an awareness of all reasonable options other than the proposed action. The degree of detail with which each alternative must be discussed will, of course, vary with the circumstances and nature of each proposal. With respect to the Webster Associates alternative, however, it is clear from the record that both the general public and the relevant public officials were thoroughly familiar with this alternative. The issue of which shopping center project should be constructed was central to the 1979 town board elections, which saw a new majority elected. The relative merits of the two proposals had been the subject of extensive publicity and of debate by public officials and the general public. Moreover, in its draft EIS, Expressway Associates stated that the primary issue of controversy was *229 whether its proposal or that of Webster Associates should be approved. Finally, Webster Associates itself attended every public hearing on the EIS and commented extensively on it. Under these circumstances, the failure to discuss Webster Associates’ proposal in the draft EIS was not a fatal defect.
Plaintiffs’ final contention is that the town board was precluded from reviewing Expressway Associates’ rezoning application by the planning board’s earlier rejection of the proposal. The planning board disapproved the preliminary development plan for Expressway Associates’ shopping mall proposal on August 5, 1980. Notwithstanding this disapproval, the town board thereafter approved the preliminary development plan and passed a declaration of intent to rezone the Expressway Associates site to permit construction of the shopping center.
Once the planning board disapproved the preliminary development plan, the town board was without authority to subsequently approve the plan. The Town of Webster zoning ordinance expressly conditions town board consideration of such plans on the prior approval of the planning board. Section 59-26 (D) of the ordinance sets forth the procedures to be followed by the town board in considering a proposed planned unit development “[i]f the Planning Board approves the preliminary development plan.”[2] If the planning board, after considering various technical factors set forth in the ordinance, rejects the proposed plan, no further consideration by the town board is authorized. The ordinance, in effect, establishes planning board approval as a condition precedent to town board action. Todd Mart v Town Bd. of Town of Webster (49 AD2d 12) does not dictate *230 a contrary conclusion. In Todd Mart, the court held that the town board’s disapproval of a planned unit development after approval by the planning board was a legislative rather than administrative action. This holding in no way prevents the town board from conditioning its own consideration of a planned unit development on prior approval of the proposal by the planning board. Similarly, there is no statutory bar to the establishment of such a condition (see Town Law, § 274-a).
Thus, the town board’s action here was taken in violation of the town’s zoning ordinance and must be vacated. The planning board’s disapproval of Expressway Associates’ proposal foreclosed consideration of the proposal by the town board.
Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted in favor of appellants declaring invalid the action of the Town Board of the Town of Webster approving the preliminary development plan of Expressway Associates and declaring its intent to rezone the site of the proposal.
Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
Order reversed, with costs, and judgment granted in favor of appellants in accordance with the opinion herein.

. Webster Associates has not appealed to this court, and the determination that it did not have standing to bring the action and proceeding is therefore not reached.

. Section 59-26 (D) states: “If the Planning Board approves the preliminary development plan, the Town Board shall hold a public hearing upon a proposition to zone the applicant’s lands for the proposed planned unit development. If after the public hearing the Town Board shall determine that the proposed development conforms to applicable state, county and town laws, ordinances and regulations, and is in the public interest, it shall adopt a resolution declaring its intention to zone the applicant’s property for the proposed planned unit development upon the applicant receiving approval of final plans therefor from the Planning Board and upon the developer meeting such additional conditions as the Town Board shall deem appropriate in each case and shall set forth in such resolution.”