■ BUSINESS AND COMMUNITY COALITION TO SAVE BROWNS-VILLE, Respondent, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Appellants.—In an action to enjoin the construction of a juvenile detention facility pending compliance with provisions of the State Environmental Quality Review Act and the New York City Environmental Quality Review Law, the defendants appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated September 24, 1990, which, *inter alia,* denied their motion to dismiss the action and granted summary judgment against them.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendants' motion to dismiss the complaint is granted.

We conclude that the Supreme Court erred in granting summary judgment against the defendants on the ground that the March 17, 1989, Notice of Completion of Draft Environmental Impact Statement (hereinafter DEIS) "failed to specifically state where comments on the draft EIS will be received and failed to specify the public review and comment period as

required by [the New York City Environmental Quality Review Law] § 10 (a) (1) (iv)".

The perceived defect in the Notice of Completion cannot be deemed to be fatal or to require nullification of the entire environmental review procedure, which was otherwise undertaken in accordance with the State Environmental Quality Review Act (hereinafter SEQRA) and the New York City Environmental Quality Review Law *(see, Webster Assocs. v Town of Webster,* 59 NY2d 220, 228-229; *Horn v International Business Machs. Corp.,* 110 AD2d 87). As the plaintiff has conceded, its representatives participated in the review procedure and attended numerous public hearings, including the widely publicized and well-attended June 7, 1989, public hearing on the DEIS.

Significantly, there was a period in excess of three months, from the time the DEIS was completed, circulated, filed and made available for public inspection, for the purpose of receiving comments on the DEIS from interested organizations and the public. The record was kept open for an additional 10 days to receive written comment. Furthermore, in accordance with the statutory regulations, the final EIS summarized and responded to the comments and objections raised during the public comment period and was filed and made available for public review in the same manner as the DEIS. As the Supreme Court noted, "There is little doubt that the practical effect of defendant's failure to include the language mandated by CEQR [City Environmental Quality Review Law] § 10 (a) (1) (iv) in its Notice of Completion was inconsequential".

Given the extensive planning and consideration which has been accorded the subject project, as well as the demonstrated need for it, the alleged procedural defects were not fatal. Accordingly, the plaintiff's complaint should be dismissed.

In view of our determination herein, the defendants' argument with respect to the need to convert this action to a proceeding pursuant to CPLR article 78 need not be addressed. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.