■ In the Matter of FRIENDS OF VAN VOORHIS PARK, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents, and LONG ISLAND COLLEGE HOSPITAL, Intervenor-Respondent. [628 NYS2d 688] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered January 31, 1995, which in a CPLR article 78 proceeding challenging various determinations enabling and approving respondent City's disposal of certain park land, granted motions by the State and City respondents to dismiss the petition, unanimously affirmed, without costs.

This appeal involves the sale by the City, pursuant to authority granted by special State legislation, as required by General City Law § 20 (2), of a parcel of park land to Long Island College Hospital for development as a parking garage. The legislation, while allowing the Board of Estimate to set conditions and terms, specifically granted the authority to sell, to the City as an entity, and not to a particular branch of its government. Therefore, the dissolution of the Board of Estimate did not invalidate this home rule legislation, and the method of sale was not an impermissible assumption of power. However, we reject the City's contention that this authority suspends the standard land use and environmental reviews that ordinarily burden such administrative actions.

The time within which to challenge the Department of Health's declaration lapsed four months after its issuance (CPLR 217) in 1985. Petitioners cannot use subsequent actions by the Department of Health, which are not directly derived from that determination, either to challenge that determination or to revive a lapsed time period (*Matter of Sierra Club v Power Auth.*, 203 AD2d 15).

The challenge to the draft environmental impact statement on the basis that it had failed to explore alternative sites is governed by 6 NYCRR 617.14 (f) (5). While the regulation requires that a no-build alternative be analyzed, which occurred here, it makes permissive a discussion of alternative sites that are not "appropriate". In the case of a private applicant, any such requirement is further limited only to such sites as are owned by or under the legal control of the applicant. We take a broad remedial view of the omission, rather than a narrow technical one, bearing in mind that while "the omission of a required item from a draft EIS cannot be cured simply by including the item in the final EIS", the omission is not fatal per se (*Webster Assocs. v Town of Webster*, 59 NY2d 220, 228). The purpose of the regulation is to provide reason-

able notice to the public and administrative agencies, rather than to pose a trap for the unwary applicant, so that an assessment can be made as to the relative costs and benefits of the proposal, and the degree of detail required varies according to the circumstances of each case (*supra*). In this case, as to those sites that were not owned by the hospital, the regulatory notice does not apply, and as to sites that were owned by the hospital, there is no practical likelihood that the omission from the draft EIS resulted in a lack of notice concerning their availability as alternative sites. Furthermore, the responses provided in the final EIS, established that such sites were not "appropriate", either because of financial or construction infeasibility, constraints of size or location, or the need to demolish existing buildings that were presently in use, some of which have landmark status.

We have considered appellants' other arguments and find them to be meritless. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.