■ HUDSON RIVER SLOOP CLEARWATER, INC., et al., Respondents-Appellants, v MARIO M. CUOMO, as Governor of the State of New York, et al., Appellants-Respondents. [635 NYS2d 637] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered April 20, 1995, which adjudged the City and State and related agencies to be in violation of the State Environmental Quality Review Act (SEQRA; ECL art 8) for failing to prepare an environmental impact statement, and granted injunctive and mandamus relief, unanimously reversed, on the law, and the petition is dismissed, without costs.

An environmental impact statement (EIS) mandated by ECL 8-0109 must be prepared and made available to the public before "any significant authorization is granted for a specific

proposal." (*Matter of Tri-County Taxpayers Assn. v Town Bd.*, 55 NY2d 41, 47.) While it is "difficult to identify the exact point at which an [EIS] must be prepared to satisfy the requirements of the statutory scheme" (*supra,* at 45), here, at the time the CPLR article 78 proceeding was commenced, the EIS requirement had not yet been triggered. Although preliminary steps in the planning of the Hudson River Waterfront had been taken, as evidenced by the 1992 Memorandum of Understanding between the then Governor and Mayor, and the creation of the Hudson River Park Conservancy, no action had been taken which would commit any agency to a definite course of future decisions (*Programming & Sys. v New York State Urban Dev. Corp.*, 93 AD2d 733, *affd* 61 NY2d 738; *see also, Housing Justice Campaign v Koch*, 164 AD2d 656, *lv denied* 78 NY2d 858).

We have considered and rejected the parties' additional claims. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.