OPINION OF THE COURT
George L. Cobb, J.
Petitioners have commenced a CPLR article 78 proceeding challenging the promulgation of amendments to 6 NYCRR part 617 which effectuate the State Environmental Quality-Review Act (hereinafter SEQRA) on the grounds that the regulations are contrary to the ECL, lack a rational basis, are *457 ultra vires, that their promulgation violated the State Administrative Procedure Act and that the generic environmental impact statement did not comply with SEQRA and former part 617 regulations in effect at the time of promulgation.
The first cause of action challenges 6 NYCRR 617.5 (c) (37) which designates all actions of the Governor as "Type II” actions thereby excluding them from any SEQRA review. Respondents contend that such exemption is implicit in the statute and necessary in order to avoid violation of the doctrine of separation of powers. ECL 8-0105 (1) defines a State agency to include any State department. Pursuant to section 30 of the Executive Law, the Governor is the head of the Executive Department. There is no exception for such department contained in SEQRA or in the former regulations. It thus appears that by the terms of the statute, SEQRA review is applicable to certain actions of the Governor.
It also appears that there is no violation of the separation of powers doctrine. While certain constitutional powers of the Governor may not be controlled by the Legislature, the Constitution provides the Legislature with the authority to control the Executive offices (NY Const, art V, § 3). "[I]t has long been clear that the Legislature retains broad powers over the Executive under the State Constitution” (Methodist Hosp. v State Ins. Fund, 102 AD2d 367, 375, affd 64 NY2d 365).
Moreover, in Hudson Riv. Sloop Clearwater v Cuomo (Sup Ct, NY County, Apr. 20,1995, Glen, J.), actions of the Governor were held to be subject to SEQRA. Such decision was reversed on the ground that there had been no administrative action which would require SEQRA review (Hudson Riv. Sloop Clear-water v Cuomo, 222 AD2d 386 [1995]). The Appellate Division stated, "We have considered and rejected the parties’ additional claims” (supra, at 387). It appears that respondent Cuomo would have been the only party to raise the issue of an exemption for the Governor as grounds for the appeal. It would thus appear that the Appellate Division determination is consistent with, if not supportive of, a determination that the Governor is not exempt from SEQRA review.
The court therefore finds that 6 NYCRR 617.5 (c) (37) which exempts all actions of the Governor from SEQRA review is contrary to law and ultra vires. Such portion of the regulation is hereby vacated. Such determination renders the second cause of action alleging a violation of the State Administrative Procedure Act moot. The third cause of action also alleging a violation of the State Administrative Procedure Act has been withdrawn.
*458 The fourth cause of action alleges that 6 NYCRR 617.8 (h) impermissibly delegates discretionary control over the content of an environmental impact statement to the project sponsor. The subject regulation provides, "The project sponsor may incorporate information submitted [late] into the draft EIS at its discretion. Any substantive information not incorporated into the draft EIS must be considered as public comment on the draft EIS” (6 NYCRR 617.8 [h]). Petitioners contend that such discretion is substantive and allows the project sponsor to effectively remove certain issues from SEQRA consideration. Respondents contend that the lead agency may require a new draft EIS if the first one is insufficient, that the issues may be subject to comment and consideration under the regular SE-QRA process even though not included in the draft environmental impact statement, and further, that the lead agency can require a supplemental EIS.
Respondents’ first contention is clearly inconsistent with the regulation. If the project sponsor is granted the discretion to incorporate or not incorporate certain issues in the draft environmental impact statement, the regulation would appear to preclude the lead agency from requiring a new draft EIS which includes such information. However, it appears that sufficient environmental review may be had by the comment process even though the issue is not contained in the draft environmental impact statement. While omission of an item from a draft EIS cannot be cured "simply by including the item in the final EIS” (Webster Assocs. v Town of Webster, 59 NY2d 220, 228), it is clear that where there is substantial comment upon, discussion of, and consideration of the issue between the draft EIS and the final EIS, the failure to include it in the draft EIS is not fatal (Webster Assocs. v Town of Webster, supra; Coalition for Responsible Planning v Koch, 148 AD2d 230; Horn v International Bus. Machs. Corp., 110 AD2d 87, 97). It thus appears that the discretion granted to the project sponsor is purely procedural and will not have any impact on the substantive content of the final EIS or SEQRA review. Moreover, it would appear that if the issues are significant, it would be in the project sponsor’s best interests to include them in the draft EIS rather than being subjected to delay caused by the requirement of a supplemental EIS or litigation challenging the failure to include it in the draft EIS or the adequacy of review during the comment period. It is therefore determined that the fourth cause of action fails to state facts upon which relief may be granted.
*459 The fifth cause of action alleges that new provisions with respect to scoping at 6 NYCRR 617.8 fail to comply with SEQRA and that they fail to "assure effective participation by the public” (ECL 8-0113 [2] [i]). The former regulations made no provision for public participation in scoping whatsoever. The new regulations require that a copy of the draft scope be provided to any individual who has expressed an interest in writing to the lead agency. They also require that the lead agency either provide a period of time for the public to review and provide written comments on the draft scope or provide for public input through the use of meetings, exchanges of written material or other means. While no specific procedure is set forth, the general requirement of effective public participation is clearly included. Any procedure followed by lead agencies which does not provide for effective public participation will be subject to judicial review. Accordingly, it is determined that the scoping regulations are in compliance with the Environmental Conservation Law. The fifth cause of action therefore fails to state facts upon which relief may be granted.
The sixth cause of action alleges that the scoping regulations give control over the process by allowing a project sponsor discretion to participate in scoping or to proceed directly to a draft environmental impact statement. Petitioners further contend that the content requirements for a draft scoping document are insufficient to allow meaningful administrative consideration. The court finds the contentions to be conclusory and speculative and insufficient to state any grounds for relief.
The seventh cause of action contains a general complaint that the new regulations fail to provide effective public participation based upon alleged defects in the scoping process as set forth in .the fifth cause of action, the elimination of a requirement that generic environmental impact statements include requirements for public notice and comment on later actions, a reduction in time for the lead agency to review a draft environmental impact statement, and additions to the Type II list which preclude any SEQRA review. Initially, it is noted that no particular level of public participation is required by the statute. Thus, a showing of a reduction in public participation does not equate with a showing of ineffective public participation. The remaining allegations of the seventh cause of action are conclusory and fail to state facts upon which relief may be granted.
The eighth cause of action alleges that the regulations are contrary to case law as 6 NYCRR 617.5 (a) states that Type *460 II actions are "precluded from environmental review under Environmental Conservation Law, article 8.” The regulation merely recognizes that certain actions are not subject to SEQRA review. It is not inconsistent with the general statutory provisions requiring all agencies to consider environmental impacts and take actions which minimize or avoid any such impacts whether or not SEQRA review is required. It is therefore determined that the eighth cause of action fails to state facts upon which relief may be granted.
The ninth cause of action alleges that respondents engaged in segmented environmental review by removing items contained in the proposed regulations. A review of the final environmental impact statement shows that such contentions are without merit as all of the issues were considered even though they may not have been contained in the final regulations promulgated by respondents. Accordingly, the ninth cause of action fails to state facts upon which relief may be granted.
The tenth cause of action alleges that respondents failed to consider the adverse environmental impacts caused by the changes in the regulations. By affidavit, petitioners’ attorney also seeks to amend the petition to include claims that certain regulations are contrary to the ECL. With the exception of the additions to the Type II list, the court finds that the challenged portions of the regulations do not contain substantive changes of any significance, nor have petitioners shown any statutory inconsistency or actual adverse environmental impacts which may be caused by the changes. Accordingly, with the exception of the Type II actions, the tenth cause of action fails to state facts upon which relief may be granted. The issues with respect to Type II actions will be dealt with in conjunction with the twelfth cause of action.
The eleventh cause of action contains a general objection that the new regulations, in their entirety, reduce the protection of the environment in violation of the provisions of the Environmental Conservation Law. Petitioners have not alleged any specific violations, nor has any particular level of protection been specified or guaranteed by the statute. As such, the eleventh cause of action fails to state facts upon which relief may be granted.
With respect to additions to the Type II list, respondents made findings that there would be no adverse impacts. Petitioners’ twelfth cause of action contends that such findings are arbitrary and capricious and lack a rational basis. Such issue *461 will be considered in conjunction with the tenth cause of action.
In promulgating the additions to the Type II list, respondents did not have before them any particular plans or projects. As such, they should have considered worst case hypotheticals to determine whether permitted actions might have a significant adverse environmental impact (Matter of Neville v Koch, 79 NY2d 416). An administrative review is insufficient when the impact cannot be forecast accurately from the hypotheticals used (supra). The regulations have included certain types of projects in the Type II list which as worst case hypotheticals could clearly have significant adverse environmental impacts. Respondents based their determination to add types of actions to the Type II list based upon past experience and not potential. The final generic environmental impact statement acknowledges numerous possible significant adverse environmental impacts and accepts that some areas are stressed and should not be developed. The final generic environmental impact statement, rather than considering such impacts, uses language indicating that such projects "usually” or "typically” do not cause adverse impacts and relies upon local laws and land use planning to protect the environment. The court finds such review failed to take a hard look, failed to consider possible significant adverse environmental impacts, and failed to contain findings supported by a rational basis with respect to some of the additions to the Type II list. Accordingly, the following additions to the Type II list are hereby invalidated: 6 NYCRR 617.5 (c) (7), (8) and (9).
The thirteenth cause of action alleges that the new regulations do not require a finding that "to the maximum extent practicable, adverse environmental effects revealed in the environmental impact statement process will be minimized or avoided” (ECL 8-0109 [8]). The court finds the language of 6 NYCRR 617.11 (d) (5) to be fully consistent with such statutory requirement. The thirteenth cause of action therefore fails to state facts upon which relief may be granted.
The fourteenth cause of action alleges that respondents failed to consider the cumulative impact of changes in other regulations which have or will reduce environmental review in order to promote development. The court finds petitioners’ allegations entirely conclusory with no proof of any common plan and no proof of the existence or likelihood of any significant cumulative adverse impact. Accordingly, the fourteenth cause of action fails to state facts upon which relief may be granted.
*462 The fifteenth cause of action alleges that the final generic environmental impact statement failed to address impacts in a comprehensive manner. Upon review of the final generic environmental impact, the court finds that other than as indicated herein, the impacts of the regulations were properly addressed and considered. Accordingly, the fifteenth cause of action fails to state facts upon which relief may be granted.
The sixteenth cause of action seeks an award of attorney’s fees pursuant to CPLR article 86. The great majority of the petition has been found to be without merit. The portions of the regulations invalidated herein were supported by reasonable argument and therefore do not warrant an award of attorney’s fees. Accordingly, the sixteenth cause of action is dismissed.
Based upon the above, the first, and portions of the tenth and twelfth causes of action are granted to the extent indicated herein. The remaining causes of action are hereby dismissed.