■ In the Matter of WILBUR MUIR et al., Appellants, v TOWN OF NEWBURGH PLANNING BOARD et al., Respondents. [854 NYS2d 896]—

In 1986 a developer applied for the necessary permits to develop an office/warehouse/distribution center (hereinafter the center) on a 14-acre parcel of land in the Town of Newburgh. Later that year, the Town of Newburgh Planning Board (hereinafter the Planning Board), as lead agency under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), issued a positive declaration regarding this application, and required the preparation of a draft and final environmental impact statement. In 1987, the developer submitted a final environmental impact statement (hereinafter FEIS) to the Planning Board, and the Planning Board accepted the FEIS and adopted a SEQRA findings statement. As the proposed center was developed over the years, changes were made to the development plan, and the SEQRA findings statement was amended in 1992, 1994, and 1999 to reflect these changes.

In December 2005 the respondent Northeast Realty Holdings, LLC (hereinafter Northeast Realty) acquired 11.72 acres of the 141-acre parcel, and applied to the Planning Board for subdivision and site plan approval to subdivide those 11.72 acres, and construct a hotel and restaurant on one resulting parcel and a commercial warehouse on the other. On March 30, 2006 the Planning Board rendered a favorable report on Northeast Realty's "sketch plan" pursuant to section 185-57 (B) of the Town of Newburgh Code. On July 6, 2006 the Planning Board determined that the current proposal was within the scope of the previous SEQRA findings statements issued in connection with the center, and that there were no new significant adverse environmental impacts which had not been previously addressed. These two determinations were challenged by the petitioner Wilbur Muir in a related proceeding (*see Matter of Muir v Town of Newburgh, N.Y.,* 49 AD3d 744 [2008] [decided herewith]).

Subsequently, a public hearing was held on Northeast Realty's subdivision and site plan applications, at which the petitioners raised certain environmental concerns. Thereafter, on October 19, 2006 the Planning Board issued a "de novo" negative declaration, reaffirming its earlier determination that the project would cause no new significant adverse environmental impacts which had not been previously addressed. On the same day, the Planning Board granted subdivision and site plan approval.

Contrary to the respondents' contention, the petitioner

Wilbur Muir had standing to commence this proceeding to review the October 19, 2006 determinations (*see Matter of Muir v Town of Newburgh, N.Y,* 49 AD3d 744 [2008] [decided herewith]).

Nevertheless, the Supreme Court properly denied the petition and dismissed the proceeding on the merits. In issuing the negative declaration, the Planning Board identified "the relevant areas of environmental concern," took a "hard look" at them (*Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 397 [1995]), and made a "reasoned elaboration" of the basis for its determinations (*Matter of Merson v McNally,* 90 NY2d 742, 751-752 [1997]). The Planning Board's determination that the preparation of a supplemental environmental impact statement was not required was not arbitrary or capricious and is supported by the evidence (*see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 9 NY3d 219, 233-234 [2007]).

The petitioners' remaining contentions are without merit. Miller, J.P., Covello, Eng and Chambers, JJ., concur.