In the Matter of WILBUR MUIR, Appellant, v TOWN OF NEWBURGH, N.Y., et al., Respondents. [854 NYS2d 727]—

In 1986 a developer applied for the necessary permits to develop an office/warehouse/distribution center (hereinafter the center) on a 141-acre parcel of land in the Town of Newburgh. Later that year, the Town of Newburgh Planning Board, sued herein as Town of Newburgh, New York (hereinafter the Planning Board), as lead agency under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), issued a positive declaration regarding this application and required the preparation of a draft and final environmental impact statement. In 1987, the developer submitted a final environmental impact statement (hereinafter FEIS) to the Planning Board, and the Planning Board accepted the FEIS and adopted a SEQRA findings statement. As the proposed center was developed over the years, changes were made to the development plan, and the SEQRA findings statement was amended in 1992, 1994, and 1999 to reflect these changes.

In December 2005 the respondent Northeast Realty Holdings, LLC (hereinafter Northeast Realty), acquired 11.72 acres of the 141-acre parcel, and applied to the Planning Board for subdivision/site plan approval to subdivide those 11.72 acres, and to construct a hotel and restaurant on one resulting parcel and a commercial warehouse on the other. On March 30, 2006 the Planning Board rendered a favorable report on Northeast Realty's "sketch plan" pursuant to section 185-57 (B) of the Town of Newburgh Code. The "sketch plan" was then reviewed by the Planning Board's respective planning, traffic, landscaping, and drainage consultants, each of whom made detailed recommendations that were incorporated into the "sketch plan." The traffic consultant, after reviewing a 2006 traffic study that had been conducted for a nearby project, determined that after the hotel/restaurant and commercial warehouse were constructed, the total amount of traffic would still be less than the original amount anticipated in the 1987 FEIS. The drainage consultant reviewed Northeast Realty's drainage plans and found that they complied with the earlier SEQRA findings statements and with current New York State Department of

Environmental Conservation regulations, and that no environmental issues were raised stemming from changes to the original drainage design. On July 6, 2006 the Planning Board determined that the current proposal was within the scope of the previous SEQRA findings statements and that there were no new significant adverse environmental impact which had not been previously addressed. The Planning Board thus determined that the preparation of a supplemental environmental impact statement (hereinafter SEIS) was not warranted.

Contrary to the respondents' contention, the petitioner, who alleges that he resides approximately 1,000 feet from the project site and would suffer visual, noise, traffic, and water impacts different from the public at large, had standing to commence this proceeding pursuant to CPLR article 78 to review the determinations dated March 30, 2006 and July 6, 2006, respectively (see Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 653 [2007]; Matter of McGrath v Town Bd. of Town of N. Greenbush, 254 AD2d 614, 616 [1998]; Matter of Parisella v Town of Fishkill, 209 AD2d 850, 851-852 [1994]).

Nevertheless, the Supreme Court properly denied the petition and dismissed the proceeding on the merits.

Contrary to the petitioner's contention, the Planning Board's SEQRA review was not rendered invalid by virtue of the fact that it occurred after the March 30, 2006 determination rendering a favorable report on Northeast Realty's "sketch plan," since this determination was neither practically determinative of the matter nor a significant authorization (see Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 349 [1996]; Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury, 55 NY2d 41, 46-47 [1982]; Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817 [2007]). The Town of Newburgh zoning regulations provide that a favorable report "shall in no way imply immediate or eventual approval status" and that it "is merely intended to convey to the applicant the relative assurance that the development as conveyed is basically conforming to the Master Plan of the Town of Newburgh and its implementing land use regulations" (Town of Newburgh Code § 185-57 [B] [2]).

Further, the Planning Board's July 6, 2006 determination that the project was in conformance with the earlier SEQRA findings statements, that there were no new adverse significant environmental impacts that had not been previously addressed, and that the preparation of an SEIS was not warranted, was not arbitrary or capricious and is supported by the evidence (see 6 NYCRR 617.9 [a] [7] [i]; Matter of Riverkeeper, Inc. v Plan-

*ning Bd. of Town of Southeast*, 9 NY3d 219, 233-234 [2007]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425 [1986]). In making its determination, the Planning Board identified "the relevant areas of environmental concern," took a "hard look" at them (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 397 [1995]), and made a "reasoned elaboration" of the basis for its determination (*Matter of Merson v McNally*, 90 NY2d 742, 751-752 [1997]).

In light of our determination, we need not address the petitioner's remaining contention. Miller, J.P., Covello, Eng and Chambers, JJ., concur.