■ In the Matter of FRANCIS PALCZYNSKI et al., Respondents, v COUNTY OF HERKIMER, Appellant, et al., Respondent. [865 NYS2d 418]—

Appeal from a judgment of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered October 12, 2007 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and, inter alia, annulled Resolution No. 83 of 2007 authorizing respondent County of Herkimer to purchase certain property for the construction of a correctional facility and annulled the purchase and sale agreement for that property.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul Resolution No. 83 of 2007 (Resolution) authorizing the County of Herkimer (respondent) to purchase certain property for the construction of a correctional facility and to annul the purchase and sale agreement (agreement) for that property. We agree with respondent that Supreme Court erred in granting the petition. According to petitioners, respondent failed to conduct the review required by article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) before adopting the Resolution or entering into the agreement. Pursuant to the

Resolution and the agreement, respondent's purchase of the property was subject to several conditions, including respondent's acquisition of all necessary permits and approvals for developing the property and respondent's determination "that no unacceptable environmental condition exists" with respect to either the property or the neighboring properties. In addition, respondent was relieved of any obligation to purchase the property in the event that it determined that the cost of obtaining permits and installing utility services was "too high" or in the event that it could solve its inmate housing needs through means other than the construction of a new facility.

Although a SEQRA review is required for any "action" taken by an agency (6 NYCRR 617.3 [a]), preliminary steps in the planning of a project do not constitute such an action unless they "commit the agency to a definite course of future decisions" (6 NYCRR 617.2 [b] [2]; *see Matter of East End Prop. Co. #1, LLC v Kessel,* 46 AD3d 817, 821 [2007], *lv denied* 10 NY3d 926 [2008]; *Hudson Riv. Sloop Clearwater v Cuomo,* 222 AD2d 386 [1995], *lv denied* 88 NY2d 806 [1996]; *see also Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738, 739 [1984]). Here, the conditions set forth in the Resolution and the agreement establish that respondent did not commit to "a definite course of future decisions" by adopting the Resolution or entering into the agreement (6 NYCRR 617.2 [b] [2]).

Contrary to petitioners' further contention, respondent was not required to conduct a SEQRA review for each site that it considered before finally selecting the location for the correctional facility. Although respondent is required pursuant to ECL 8-0109 (2) (d) to set forth in the environmental impact statement (EIS) "a description and evaluation of reasonable alternatives to the action which would achieve the same or similar objectives" (10 NYCRR 97.12 [d] [5]), the statute does not require such a description and evaluation of reasonable alternatives prior to the EIS stage of the SEQRA process (*see generally Webster Assoc. v Town of Webster,* 59 NY2d 220, 227-228 [1983]). Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.