■ In the Matter of TOWN OF WOODBURY et al., Respondents-Appellants, et al., Petitioner/Plaintiff-Respondent, v COUNTY OF ORANGE et al., Respondents, and VILLAGE OF KIRYAS JOEL, Appellant-Respondent. [981 NYS2d 126]—

In a hybrid proceeding pursuant to CPLR article 78 to review (a) a determination of the Orange County Legislature dated February 4, 2010, accepting an amended final environmental impact statement and adopting an amended findings statement in relation to a proposed sale of wastewater treatment capacity, and (b) the alleged failure of the County of Orange to comply with the State Environmental Quality Review Act (ECL art 8) in executing an agreement dated February 19, 2010, between the County of Orange and Orange County Sewer District No. 1, and action for a judgment declaring the February 19, 2010, agreement void, the Village of Kiryas Joel appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Nicolai, J.), dated May 2, 2012, as granted that branch of the amended petition/complaint which was to annul the agreement dated February 19, 2010, and the petitioners/plaintiffs Town of Woodbury and Village of Harriman cross-appeal, as limited by their brief, from so much of the same order and judgment as (1) denied those branches of the amended petition/complaint which were to annul the determination dated February 4, 2010, and (2) dismissed the sixth cause of action of the amended petition/complaint as moot.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the amended petition/complaint which was to annul the agreement dated February 19, 2010, and substituting therefor a provision

denying that branch of the amended petition/complaint, and (2) by deleting the provision thereof dismissing the sixth cause of action of the amended petition/complaint as moot; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the Village of Kiryas Joel by the petitioners/plaintiffs, the sixth cause of action of the amended petition/complaint is reinstated and severed, and the matter is remitted to the Supreme Court, Orange County, for further proceedings on that cause of action.

The Harriman Wastewater Treatment Plant (hereinafter the HWWTP) is located in the Village of Harriman and the Town of Woodbury. The HWWTP serves Orange County Sewer District No. 1 (hereinafter the District) and portions of neighboring communities known collectively as the Moodna Communities. The HWWTP was originally constructed in 1974 with 2 million gallons per day (hereinafter mgd) of treatment capacity. It was thereafter expanded to 6 mgd, the last expansion made in 2006. The 2006 expansion was the subject of review pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), by the Orange County Legislature (hereinafter the Legislature) as lead agency, which accepted and adopted a final environmental impact statement (hereinafter FEIS) and findings statement for the expansion in 2001.

By letter dated January 8, 2007, Orange County (hereinafter the County) inquired of the Moodna Communities whether they were interested in purchasing expanded capacity at the HWWTP pursuant to their proportionate allocations listed in a 1978 intermunicipal agreement. The Village of Kiryas Joel (hereinafter Kiryas Joel), which is one of the communities within the District, commenced a hybrid proceeding and action seeking to enjoin the County from entering into a contract of sale of capacity to the Moodna Communities, contending that the County had failed to determine that adequate capacity existed for communities within the District. The Supreme Court agreed and enjoined the County from selling such capacity without first complying with SEQRA, among other requirements.

While the County's appeal from that determination was pending, the County and Kiryas Joel entered into a memorandum of understanding to settle that litigation and another pending litigation in which the County had challenged Kiryas Joel's SEQRA review of a pipeline project. As part of the global settlement, Kiryas Joel drafted further reports related to its pipeline SEQRA review. The County conducted a population growth study to analyze the treatment capacity needs of the District,

and amended its 2001 FEIS to incorporate its conclusions. The Legislature accepted and adopted the amended FEIS and an amended findings statement on February 4, 2010.

The County and the District entered into an agreement dated February 19, 2010 (hereinafter the District Agreement), whereby they agreed to initiate specified planning procedures for a further expansion of District capacity upon the flow of the HWWTP and any other District facilities reaching 85% of design capacity. The County and the District agreed, among other things, to a timetable within which to file preliminary maps and plans for a proposed expansion with the Clerk of the Legislature, together with requests to the Legislature to set a date for a public hearing pursuant to County Law § 268 and for a resolution approving the expansion. The pending proceedings were then discontinued, and the Supreme Court's injunction vacated.

The Town of Woodbury, Village of Woodbury, and Village of Harriman (hereinafter collectively the petitioners) subsequently commenced this hybrid proceeding pursuant to CPLR article 78 to review the Legislature's approval of the amended FEIS and amended findings statement and the County's alleged failure to comply with SEQRA in executing the District Agreement, and action for a judgment declaring the District Agreement void, inter alia, due to alleged violations of SEQRA and breaches of a 1995 inter-municipal agreement. The Supreme Court granted that branch of the amended petition/complaint which was to annul the District Agreement, denied those branches of the amended petition/complaint which were to annul the Legislature's approval of the amended FEIS and amended findings statement, and dismissed the remaining causes of action and a cross claim by the Village of Chester as moot. Kiryas Joel appeals, and the petitioners Village of Harriman and Town of Woodbury cross-appeal.

The Supreme Court properly determined that the petitioners established "a demonstrated interest in the potential environmental impacts of the project" (*Matter of Town of Babylon v New York State Dept. of Transp.*, 33 AD3d 617, 618-619 [2006]) and, thus, had standing to challenge the amended FEIS, amended findings statement, and District Agreement (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 86-87 [2007]).

Further, the Supreme Court properly upheld the amended FEIS and amended findings statement against the petitioners' procedural SEQRA challenges. The Legislature's determination to accept the amended documents in lieu of requiring prepara-

tion of a supplemental environmental impact statement was not arbitrary and capricious (*see* 6 NYCRR 617.9 [a] [7] [i]; *Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231, 235 [2007]; *Matter of Muir v Town of Newburgh Planning Bd.*, 49 AD3d 742 [2008]; *see also* 6 NYCRR 617.3 [h]), and the petitioners' further procedural challenges are without merit (*see* 6 NYCRR 617.11 [a]; 617.12 [b]; 617.2 [n]; *Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 820 [2007]).

However, the Supreme Court erred in annulling the District Agreement for purported violations of SEQRA. "Although a SEQRA review is required for any 'action' taken by an agency (6 NYCRR 617.3 [a]), preliminary steps in the planning of a project do not constitute such an action unless they 'commit the agency to a definite course of future decisions' " (*Matter of Palczynski v County of Herkimer*, 55 AD3d 1242, 1243 [2008], quoting 6 NYCRR 617.2 [b] [2]; *see Matter of East End Prop. Co. #1, LLC v Kessel*, 46 AD3d 817, 821 [2007]). Contrary to the petitioners' contention, the District Agreement did not commit to an expansion of the HWWTP or other District facilities. The Legislature is the only entity with the authority to commit to an expansion of wastewater treatment facilities, following public hearing and appropriate environmental review (*see* County Law § 268). The District Agreement merely commits the County Executive and/or the Administrative Head of the District to seek such approval from the Legislature in a specified time frame and with specified procedures. Accordingly, the District Agreement did not constitute an "action" pursuant to SEQRA requiring prior environmental review (6 NYCRR 617.2 [b] [2]; *see Matter of Palczynski v County of Herkimer*, 55 AD3d 1242 [2008]; *Hudson Riv. Sloop Clearwater v Cuomo*, 222 AD2d 386 [1995]).

While the petitioners further challenge the provisions of the District Agreement providing for the timing of a contemplated SEQRA review of any expansion, it would be premature to review the Legislature's future approval of any expansion pursuant to County Law § 268 for its compliance with SEQRA.

Upon annulling the District Agreement, the Supreme Court dismissed, as moot, the sixth cause of action seeking a judgment declaring the District Agreement void on the ground that it breached a 1995 intermunicipal agreement. In light of our determination, that cause of action is no longer academic. However, in the absence of a dispositive motion addressed to that cause of action seeking declaratory relief, that cause of action may not be summarily determined (*see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison*, 106 AD3d 918

[2013]; *Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.*, 94 AD3d 1006 [2012]). We therefore reinstate the sixth cause of action, sever it, and remit the matter to the Supreme Court for further proceedings.

The remaining contentions of the County, Legislature, and District are without merit. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.